# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| ALAN MAURICE CHILDRESS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-CV-00195 JMB |
| | ) |
| DEPUTY CONLEY, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Self-represented plaintiff Alan Childress, an inmate currently incarcerated at Pemiscot County Jail in Caruthersville, Missouri, filed this civil rights action for monetary damages on October 18, 2024; however, plaintiff neither paid the Court filing fee nor filed a motion to proceed without prepayment of fees or costs. Plaintiff must do one or the other for this case to proceed. *See* E.D. Mo. L.R. 2.01(B)(1). If plaintiff files a motion seeking leave to commence this action without prepaying fees or costs, he must also file a certified copy of his prison account statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a)(2). Plaintiff's failure to timely pay the filing fee or file a motion seeking leave to commence this action without payment of fees or costs may result in the dismissal of this case, without prejudice and without further notice.

Additionally, the allegations of the complaint are not entirely clear. Plaintiff seems to assert a variety of claims in this lawsuit relating to his incarceration at Dunklin County Jail, including illegal search and seizure in violation of his Fourth Amendment rights, unlawful harassment and sexual misconduct, race discrimination, violations of his First Amendment rights, violations of his due process rights under the Fifth and Fourteenth Amendments and deliberate indifference to his

serious medical needs in violation of his Fourteenth Amendment rights. However, the complaint is defective because, among other things, it was not drafted on this Court's Prisoner Civil Complaint form, *see* E.D. Mo. Local Rule 2.06(A), and plaintiff's allegations are conclusory and fail to explain how any particular individual was personally responsible for violating his rights. Moreover, plaintiff's "Statement of Claim" is not fully completed on the Court-provided form. Thus, the Court is unable to fully ascertain the breadth of plaintiff's allegations. Additionally, it appears that plaintiff is asserting several claims that do not relate to one another, which he is unable to do in the same lawsuit.[1] *See* Fed.R.Civ.P.18 and 20. If plaintiff wishes to file multiple lawsuits relating to his several different claims, he may do so. The Court will provide him with two civil complaint forms to differentiate his claims.

Because plaintiff is proceeding pro se, the Court will allow him to file an amended complaint on the Court's form. Plaintiff has twenty-one (21) days from the date of this Order to file an amended complaint in accordance with the specific instructions set forth here. All claims in the action must be included in one, centralized complaint form. *See* Fed. R. Civ. P. 7(a)(1), 8(a).

In addition, plaintiff is warned that the filing of an amended complaint replaces the original complaint and any previously-filed pleadings, so plaintiff must include each and every one of the claims he wishes to pursue in the amended complaint. *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims from the original complaint, supplements, and/or pleadings that are not included in the amended complaint will be

---

[1] In *George v. Smith*, 507 F.3d at 607, the Seventh Circuit Court of Appeals held that unrelated claims brought by prisoner plaintiffs against different defendants belong in separate lawsuits, not only "to prevent the sort of morass" produced by multi-claim, multi-defendant suits like this one, but also to ensure that prisoners pay all fees required under the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b), (g). Complaints like this one should be rejected, *George*, 507 F.3d at 607, either by severing the action into separate lawsuits or by dismissing improperly joined defendants. *See* Fed.R.Civ.P. 21; *DirecTV, Inc. v. Leto,* 467 F.3d 842, 844–45 (3rd Cir.2006); *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir.2000); *Michaels Bldg. Co. v. Ameritrust Co., N.A.,* 848 F.2d 674, 682 (6th Cir.1988).

deemed abandoned and will not be considered. *Id*. The allegations in the complaint may not be conclusory. Instead, plaintiff must plead facts that show how each and every defendant he names is personally involved in or directly responsible for the alleged harm. If plaintiff wishes to sue a defendant in his or her individual capacity, plaintiff must specifically say so in the amended complaint. If plaintiff fails to sue a defendant in his or her individual capacity, this action may be subject to dismissal as to that defendant.

All of plaintiff's claims should be clearly set forth in the "Statement of Claim." If plaintiff fails to file an amended complaint on the Court's form within twenty-one (21) days and in compliance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail to plaintiff two copies of the Court's Prisoner Civil Rights Complaint form and two copies of the Motion to Proceed in Forma Pauperis – Prisoner Cases form.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, plaintiff shall file an amended complaint on the Court's Prisoner Civil Rights Complaint form and in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, plaintiff shall either pay the filing fee or submit a motion to proceed in forma pauperis on the Prisoner Cases Court-provided form. If plaintiff files a motion to proceed in forma pauperis, he shall also submit a certified copy of his inmate account statement for the six-month period immediately preceding the filing of the complaint.

**IT IS FURTHER ORDERED** that plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.

Dated this 23rd day of October, 2024.

          */s/ John M. Bodenhausen*
          JOHN M. BODENHAUSEN
          UNITED STATES MAGISTRATE JUDGE